JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant was convicted in the Circuit Court of Shelby County of the offense of operating an overweight dump truck on Interstate Highway 1-65 in Shelby County, Alabama, and was fined $400.00 and costs. He appeals to this Court.
The appellant was at all proceedings in the trial court, and in this Court is represented by counsel of his choice. This case was submitted to this Court on briefs.
The facts in this case were stipulated by counsel for state, and the appellant, and submitted to the trial judge by agreement. The facts are that a proper complaint has been filed and served on the defendant. That the defendant and the state waive notice of the setting of the case, and are ready for trial. That the trial court has jurisdiction and venue of the case. That the defendant operated a dump truck on Interstate Highway 1-65 in Shelby County. That the scales used to weigh the dump truck were properly certified and accurate. That the weight of the dump truck was 79,000 pounds. That the dump truck had 5 axles, and the distance between the first and last axle or combination of axles was 37 feet. That the arrest was made in accordance with the laws of the state of Alabama.
The appellant’s first contention in his brief is that the “dump truck exclusion” as set forth in Code of Alabama, 1975, See. 32-9-20(4)(e) applies to the Interstate Highway System of‘Alabama. Appellant’s second contention is that the 10% scale tolerance for enforcement purposes as set out in Code Of Alabama, 1975, Sec. 32-9-20(4)(d) applies to the Interstate Highway System in Alabama.
The United States Code, Title 23, Section 127 is in words and figures, as follows:
“Sec. 127. Vehicle weight and -width limitations — Interstate System
“No funds authorized to be appropriated for any fiscal year under section 108(b) of the Federal-Aid Highway Act of 1956 (23 USCS Sec. 101 note) shall be apportioned to any State within the boundaries of which the Interstate System may lawfully be used by vehicles with weight in excess of twenty thousand pounds carried on any one axle, including all enforcement tolerances; or with a tandem axle weight in excess of thirty-four thousand pounds, including all enforcement tolerances; or with an overall gross weight on a group of two or more consecutive axles produced by application of the following formula:
( LN )
W = 500 ( + 12N + 36 )
_ ( )
( N-l )
where W = overall gross weight on any group of two or more consecutive axles to the nearest 500 pounds, L = distance in feet between the extreme of any group of two or more consecutive axles, and N = number of axles in group under consideration, except that two consecutive sets of tandem axles may carry a gross load of *129 34,000 pounds each providing the overall distance between the first and last axles of such consecutive sets of tandem axles is thirty-six feet or more; Provided, That such overall gross weight may not exceed eighty thousand pounds, including all enforcement tolerances, or with a width in excess of ninety-six inches, or the corresponding maximum weights or maximum widths permitted for vehicles using the public highways of such State under laws or regulations established by appropriate State authority in effect on July 1, 1956, except in the case of the overall gross weight of any group of two or more consecutive axles, on the date of enactment of the Federal-Aid Highway Amendments of 1974 (enacted Jan. 4, 1975), whichever is the greater. Any amount which is withheld from apportionment to any State pursuant to the foregoing provisions shall lapse. This section shall not be construed to deny apportionment to any State allowing the operation within such State of any vehicles or combinations thereof that could be lawfully operated within such State on July 1,1956. With respect to the State of Hawaii, laws or regulations in effect on February 1, 1960, shall be applicable for the purposes of this section in lieu of those in effect on July 1, 1956, except in the case of the overall gross weight of any group of two or more consecutive axles, on the date of enactment of the Federal-Aid Highway Amendments of 1974 (enacted Jan. 4, 1975). Notwithstanding any limitation relating to vehicle widths contained in this section, a State may permit any bus having a width of 102 inches or less to operate on any lane of 12 feet or more in width on the Interstate System.
(As amended Jan. 4, 1975, P.L. 93-643, Sec. 106, 88 Stat. 2283; May 5,1976, P.L. 94r-280, Title 1, Sec. 120, 90 Stat. 438.)”
Code Of Alabama, 1975, 1982 Cumulative Supplement, Title 32-9-20(4)(a) provides, in part, as follows:
“(4) Weight.
“(a.) The gross weight imposed on the highway by the wheels of any one axle of a vehicle shall not exceed 20,000 pounds, or such other weight, if any, as may be permitted by federal law to keep the state from losing federal funds; provided, that inadequate bridges shall be posted to define load limits.” (Emphasis Supplied)
Title 32-9-20(4)(c) provides, in part:
“(4) Weight.
«(c ) * * * Nothing jn this section shall be construed as permitting size or weight limits on the national system of interstate and defense highways in this state in excess of those permitted under 23 U.S.C., Section 127. If the federal government prescribes or adopts vehicle size or weight limits greater than or less than those now prescribed by 23 U.S.C., Section 127 for the national system of interstate and defense highways, the increased or decreased limit shall become effective on the national system of interstate and defense highways in this state.”
Section 32-9-29, 1975 Code of Alabama, 1982 Pocket Parts, provides for permits for movement of oversize vehicles or loads. Section (e) contains the following provision:
“(e.) Violation of federal laws, etc. No permit shall be issued under this section if the issuance of the permit would violate United States law or would cause the State of Alabama to lose its Federal-Aid funds.”
Code of Alabama, 1975, Pocket Parts 1982, Title 32-9-20(4)(d) provides, as follows:
“(d.) For the purpose of enforcement of subdivision (4) of this section, all scaled weights shall be deemed to have a margin of error of ten percent of the true gross or axle weight.”
Code of Alabama, 1958, Cumulative Pocket Parts, Title 36, Section 89(d) provided,
“(d.) Weight (1) the gross weight imposed on the highway by the wheels of any one axle of a vehicle shall not exceed 18,000 pounds, or such other weight, if any, as may be permitted by federal law to keep the state from losing federal funds, and subsection (3) provided that *130 the maximum gross weight limit of any vehicle or combination of vehicles, including any tolerance which may be granted hereunder, shall not exceed the maximum gross weights prescribed by the Congress of the United States under the provisions of subsection 127, Section 1, Chapter 1, Title 23, United States Code or any other federal legislation amendatory thereof, or supplemental thereto, and no vehicle or combination of vehicles shall be permitted to operate on any portion of the interstate highway system of Alabama except as shall meet the above provisions of United States Code.”
Title 36, Section 91(7) of Code Of Alabama, 1958, Cumulative Pocket Parts 1973, provided for special permits for the movement of certain vehicles over the public highways, “excepting highways that are a segment of the interstate system.”
From a review of the history of the legislation, and a review of 1975 Code Of Alabama, Title 32-9-20 through 32-9-32, as last amended, and Title 23 U.S.C.S., Section 127, as last amended, it is clear that the legislators of Alabama intended that the size and weight of motor vehicles operating on interstate highways in the State of Alabama shall not exceed the provisions set out in Title 23 U.S.C.S., Section 127. Title 23 U.S.C.S. § 127 provides the operator of a motor vehicle a formula to figure the weight allowed on an interstate system, and states the kind of vehicles a state may exempt from the provisions of Title 23 U.S. C.S., Section 127, and allow to operate on an interstate highway. A five-axle dump truck weighing 79,000 pounds is not included as a vehicle exempt from the provisions of U.S.C.S., Section 127. It is noted that the formula for figuring the weight includes all enforcement tolerances; therefore, to add 10% allowed by Code Of Alabama, 1975, Section 32-9-20(4)(d), would violate the weight set out in Title 23 U.S. C.S., Section 127, and result in doing the very thing sought to be prevented by the Legislature of the State of Alabama.
We hold that 71,000 pounds is the maximum weight allowed on an interstate highway in the State of Alabama for a five-axle (5) dump truck with a distance of 37 feet between the first and last axle; therefore, the trial judge did not err when he ruled that the dump truck exclusion, as set out in the Code Of Alabama, 1975, Section 32-9-20(4)(e), and the ten percent (10%) weight tolerance as set out in the Code Of Alabama, 1975, Section 32-9-20(4)(d), does not apply to the interstate highway system.
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.